IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JON L. RICHTER, D.M.D., Ph. D., | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 10-CV-7133 |
| | : | |
| GEICO INDEM. CO., | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM AND ORDER**

**Joyner, C.J.**                                               **June 23, 2011**

Before this Court are Defendant's 12(b)(6) Motion to Dismiss in Part Counts II and III of the Amended Complaint (Doc. No. 6), Plaintiff's response in opposition thereto (Doc. No. 7), and Defendant's reply in further support thereof (Doc. No. 8). For the reasons set forth in this Memorandum, Defendant's Motion is denied.

### I. BACKGROUND

Plaintiff was involved in a motor vehicle accident while driving his 2009 Honda Ridgeline, totaling the vehicle and sustaining personal injuries. (Am. Compl. ¶¶ 5, 8, Doc. No. 4.) Plaintiff thereafter submitted a claim to Defendant, with whom Plaintiff had an insurance policy, for (1) collision benefits for damage to the vehicle, and (2) Personal Injury Protection (PIP) benefits for medical expenses. (Id. ¶ 10, 12.) Defendant denied the claim, asserting that the vehicle Plaintiff was driving had

1

not been listed on the policy and that there was thus no coverage for the accident. (Def.'s Mem. 3, Doc. No. 6-3.)

Plaintiff then brought suit, contending that coverage for the vehicle had been sought on multiple occasions and that the claim was thus improperly and unreasonably denied by Defendant. (Am. Compl. ¶¶ 6, 7, 9-12, 14, Doc. No. 4.) Count I alleges breach of contract and seeks damages for the value of the vehicle, the unpaid medical bills, and interest and costs. (Id. at 1-2.) Count II alleges a violation of the bad faith statute, 42 Pa. Cons. Stat. Ann. § 8371, and seeks interest, punitive damages, court costs, and attorney's fees. (Id. at 2-3.) Count III seeks payment of unpaid medical bills with 12% interest and attorney's fees under the Motor Vehicle Financial Responsibility Law (MVFRL), 75 Pa. Cons. Stat. Ann. § 1716. (Id. at 3.)

Defendant is now moving to dismiss Count II, to the extent that it is based on a claim for PIP benefits, on the ground that § 8371 is preempted by § 1797 of the MVFRL. (Def.'s Mot. ¶¶ 8-10, Doc. No. 6.) Defendant is also moving to dismiss Count III, on the ground that § 1716 only provides a private cause of action to medical providers seeking interest on bills that were untimely paid. (Id. ¶ 12.)

## II. STANDARD OF REVIEW

A Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted tests the sufficiency of a

complaint's allegations.  Hickey v. Allstate Prop. & Cas. Ins. Co., 722 F. Supp. 2d 609, 612 (M.D. Pa. 2010).  In determining whether to grant such a motion to dismiss, the court must accept all of the facts alleged in the complaint as true and decide if the plaintiff has presented enough facts to justify advancing the case under the applicable laws.  Id.

Moreover, when a federal court is sitting in diversity, it must "apply state substantive law, statutory and decisional[,] as interpreted by the highest court of the state."  Burgh v. Borough Council, 251 F.3d 465, 474 (3d Cir. 2001).  "In the absence of a reported decision on point by the Pennsylvania Supreme Court," the court "look[s] to the decisions of the intermediate appellate courts for guidance."  Id.

### III.  DISCUSSION

#### A.  Whether § 8371 is preempted by § 1797 of the MVFRL

It is a well-established rule of statutory construction that a more specific statutory provision usually applies over a general statutory provision on the same point.  See 1 Pa. Cons. Stat. Ann. § 1933 ("Whenever a general provision in a statute shall be in conflict with a special provision in the same or another statute, the two shall be construed, if possible, so that effect may be given to both.  If the conflict between the two provisions is irreconcilable, the special provisions shall prevail and shall be construed as an exception to the general

3

provision, unless the general provision shall be enacted later and it shall be the manifest intention of the General Assembly that such general provision shall prevail."). Section 8371 is a general statute that lists three remedies for bad faith claims in "actions on insurance policies." See 42 Pa. Cons. Stat. Ann. § 8371.[1] Section 1797 is a more specific statute that deals with the reasonableness and necessity of medical treatment for which a claim is made after a motor vehicle accident. See 75 Pa. Cons. Stat. Ann. § 1797(b)(4),(6).[2]

The Third Circuit, in predicting how the Pennsylvania Supreme Court would interpret the statutes, has indeed stated that "the specific provisions of 75 Pa. C.S. § 1797 must be

---

[1] The statute provides that,

> In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions: (1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%. (2) Award punitive damages against the insurer. (3) Assess court costs and attorney fees against the insurer.

42 Pa. Cons. Stat. Ann. § 8371.

[2] The statute provides, in relevant part, that

> [A]n insured may challenge before a court an insurer's refusal to pay for past or future medical treatment or rehabilitative services or merchandise, the reasonableness or necessity of which the insurer has not challenged before a PRO. Conduct considered to be wanton shall be subject to a payment of treble damages to the injured party. . . . If . . . a court determines that medical treatment or rehabilitative services or merchandise were medically necessary, the insurer must pay to the provider the outstanding amount plus interest at 12%, as well as the costs of the challenge and all attorney fees.

75 Pa. Cons. Stat. Ann. § 1797(b)(4),(6).

4

deemed an exception to the general remedy for bad faith contained in 42 Pa. C.S. § 8371." Gemini Physical Therapy & Rehab., Inc. v. State Farm Mut. Auto. Ins. Co., 40 F.3d 63, 67 (3d Cir. 1994) (citing Barnum v. State Farm Mut. Auto. Ins. Co., 635 A.2d 155, 159 (Pa. Super. Ct. 1993), rev'd on other grounds, 652 A.2d 1319 (1994) (per curiam)). Accordingly, Defendant cites Gemini and Barnum, among other cases, in support of its preemption argument. The present case is distinguishable from those cases, however, because those involved disputes over the reasonableness of amounts owed and the necessity of treatment; the insurers had already acknowledged that there was (some) coverage arising from the accidents, and § 1797 was clearly implicated. See, e.g., 40 F.3d at 64-65; 635 A.2d at 156.

Numerous courts have held that "[i]n those situations in which the insurer's actions do not fall squarely under § 1797, claims under § 8371 should not be dismissed as barred by § 1797." Schwartz v. State Farm Ins. Co., No. 96-0160, 1996 WL 189839, at *5 (E.D. Pa. Apr. 18, 1996). As suggested supra, "the applicability of § 1797 to a particular claim depends . . . on whether the dispute is over the reasonableness and necessity of medical treatment." Roppa v. Geico Indem. Co., No. 10-1428, 2010 WL 5600899, at *7 (Dec. 29, 2010) (report & rec.), adopted, 2011 WL 181531 (W.D. Pa. Jan. 19, 2011). Hence, many courts have held that "an insured may raise a § 8371 claim based on allegations of

5

bad faith conduct on the part of an insurer which goes beyond the scope of § 1797(b), such as claims involving contract interpretation or claims that the insurers did not properly invoke or follow the PRO process." Perkins v. State Farm Ins. Co., 589 F. Supp. 2d 559, 564-65 (M.D. Pa. 2008). See, e.g., Stephano v. Tri-Arc Fin. Servs. Inc., No. 07-0743, 2008 WL 625011, at *6-7 (M.D. Pa. Mar. 4, 2008) (rejecting the § 1797 preemption argument when the plaintiff was challenging the insurer's total refusal of coverage and direction to seek coverage from another insurer); Seeger v. Allstate Ins. Co., 776 F. Supp. 986, 990-91 (M.D. Pa. 1991) (allowing a § 8371 claim when the insurer was "not questioning the medical necessity of the plaintiff's treatment but whether the plaintiff's medical expenses are covered at all under its policy because of a contract exclusion dealing with motorcycles or motor bikes, a legal issue which is obviously not amenable to resolution by the procedures set forth in § 1797(b)").

Defendant here does not suggest that the medical treatment Plaintiff received was unnecessary or financially unreasonable; rather, Defendant argues that it is not the party responsible for paying for Plaintiff's treatment. (See Def.'s Mem. 3, Doc. No. 6-3 ("GEICO denied Plaintiff's PIP and Collision claims because the vehicle that Plaintiff was driving at the time of the June 15, 2010 accident, the 2009 Honda Ridgeline, was not listed on

6

the Policy.").) Because Plaintiff's bad faith claim is not premised on conduct outlined in the narrow wording of § 1797, Count II's claim of bad faith under § 8371 is not preempted, and the motion to dismiss in part Count II of the Amended Complaint is denied.

## B. Whether plaintiff has a private cause of action under § 1716

Section 1716 of the MVFRL provides that

> Benefits are overdue if not paid within 30 days after the insurer receives reasonable proof of the amount of the benefits. . . . Overdue benefits shall bear interest at the rate of 12% per annum from the date the benefits become due. In the event the insurer is found to have acted in an unreasonable manner in refusing to pay the benefits when due, the insurer shall pay, in addition to the benefits owed and the interest thereon, a reasonable attorney fee based upon actual time expended.

75 Pa. Cons. Stat. Ann. § 1716. Defendant argues that § 1716 does not provide a private cause of action to an insured for benefits, interest, and attorney fees when the medical bills in question are not just untimely paid but unpaid. (Def.'s Mot. ¶ 12, Doc. No. 6.) Defendant relies on a recent Pennsylvania Supreme Court case that ruled on the narrow issue whether, under § 1716, "a medical provider has a private right of action to recover interest on late-paid payments from insurance companies." Schappell v. Motorists Mut. Ins. Co., 934 A.2d 1184, 1187 (Pa. 2007). The Schappell court noted that "[t]he statutory language does not explicitly create a cause of action for interest on

7

untimely payments of benefits, nor does it foreclose the same."
Id. at 1189.  The court thus considered

> (1) whether the plaintiff is one of the class for whose especial benefit the statute was enacted; (2) whether there is any indication of legislative intent, explicit or implicit, either to create such a remedy or to deny one; and (3) whether it is consistent with the underlying purposes of the legislative scheme to imply such a remedy for the plaintiff.

Id.  It concluded that "§ 1716 provides a private cause of action to providers for interest accrued on untimely payment of benefits."  Id. at 1190.  Defendant thus argues that a private cause of action exists to enforce the rights provided in § 1716 only when the circumstances are identical to those in Schappell: when a medical provider is the plaintiff, she is only suing to recover interest, and the bills for which she is seeking interest were paid before suit was brought.

Although the Pennsylvania Supreme Court has not decided whether a private cause of action exists under § 1716 for the precise circumstances present here, this Court believes that that court would find in the affirmative.  Notably, the Pennsylvania Superior Court has recognized that "Section 1716 of the MVFRL permits the recovery of attorney fees in an action for first-party benefits by an insured where the insurer has 'acted in an unreasonable manner in refusing to pay the benefits when due.'"  Hill v. Nationwide Ins. Co., 570 A.2d 574, 579 (Pa. Super. Ct. 1990) (emphasis added).  In that case, the Superior Court also affirmed the trial court's "order[] . . . to pay Hill's

outstanding medical bills and interest thereon at a rate of 12% per annum, as provided by the MVFRL." Id. at 575, 580.

Additionally, federal courts have allowed § 1716 claims asserted by insureds to proceed. See, e.g., Rudisill v. Cont'l Ins. Co., No. 00-1603, 2001 U.S. Dist. LEXIS 15946, at *6-9 (E.D. Pa. Sept. 12, 2001) (holding that an insured could sue for interest and attorney fees under both § 1716 and § 8371); see also Seeger, 776 F. Supp. at 991; Okkerse v. Prudential Prop. & Cas. Ins. Co., 625 A.2d 663, 667 (Pa. Super. Ct. 1993) (allowing the guardian of an insured to sue for interest and attorney fees under the substantively identical precursor to § 1716). But cf. Allied Med. Assocs. v. State Farm Mut. Auto. Ins. Co., No. 08-2434, 2009 WL 1578603, at *6 n.14 (E.D. Pa. June 3, 2009) (stating in a footnote that the Schappell court "held that § 1716 embodies a private cause of action, but held only that the cause of action permitted recovery of § 1716 interest"). Considering the existing case law and the purpose of the statute, the Court believes that the Pennsylvania Supreme Court would allow a private cause of action in the present circumstances. Consequently, Defendant's motion to dismiss Count III of the Amended Complaint is denied.

## IV. CONCLUSION

For the foregoing reasons, the Court denies Defendant's Motion to Dismiss in Part Counts II and III of Plaintiff's Amended Complaint.